# Order

Michigan Supreme Court
Lansing, Michigan

September 27, 2013

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra
Bridget M. McCormack
David F. Viviano,
Justices

145702 & (58)(59)

PEOPLE OF THE STATE OF MICHIGAN,
            Plaintiff-Appellant,

v                                                      SC:  145702
                                                       COA:  301762
                                                       Saginaw CC:  03-022744-FC
CHARLES HENRY ARTHUR,
            Defendant-Appellee.

_____/

        By order of February 6, 2013, while retaining jurisdiction, we remanded this case to the Saginaw Circuit Court for an evidentiary hearing regarding the decision to keep the defendant in shackles during the trial.  On order of the Court, the trial court having submitted a transcript of the hearing, along with its findings of fact and conclusions of law, the application for leave to appeal the June 26, 2012 judgment of the Court of Appeals is again considered.  The motion for leave to file a supplemental brief is GRANTED.  Pursuant to MCR 7.302(H)(1), in lieu of granting leave to appeal, we REVERSE the judgment of the Court of Appeals, and REINSTATE the defendant's convictions and sentences.

        The trial court did not unconstitutionally "nullify" the defendant's right to self-representation by declining to remove the defendant's leg shackles.  That the defendant elected to relinquish his right of self-representation rather than exercise that right while seated behind the defense table does not amount to a denial of the defendant's right of self-representation.  See, e.g., *Lefevre v Cain*, 586 F3d 349 (CA 5, 2009) (shackling does not violate a defendant's right to self-representation), *cert den* 559 US 1016 (2010).

        Moreover, the trial court did not violate the defendant's due process rights by ordering the defendant to wear leg shackles in the first place because the court was justified in imposing those limited restraints to avoid the risk of flight and to ensure the safety of those present in light of the defendant's reported escape attempt and the fact that the defendant required extra police security when he was transported to court.

2

While a defendant's right to self-representation encompasses certain specific core rights, including the right to be heard, to control the organization and content of his own defense, to make motions, to argue points of law, to participate in voir dire, to question witnesses, and to address the court and the jury at times, the right to self-representation is not unfettered. *McKaskle v Wiggins*, 465 US 168, 174, 176-178 (1984). The defendant, who undeniably possesses physical prowess, posed a physical danger because of his history of violent acts: he was a convicted double murderer before the instant case began, serving life without parole for shooting two victims in the head during a carjacking. The judge had presided over both the previous trial in this case and the other murder trial, and understandably formed an impression that the defendant was not only violent, but cunning, improvisational, and bent on the execution and concealment of his criminal acts. The court addressed these concerns by placing the defendant in the most reasonable restrictive restraints available.

The court's decision does not violate *Deck v Missouri*, 544 US 622 (2005), where the defendant was shackled with not only leg irons, but also handcuffs and a belly chain, all of which were visible to the jury. The core rule of *Deck* is that "the Fifth and Fourteenth Amendments prohibit the use of physical restraints *visible to the jury* absent a trial court determination, in the exercise of its discretion, that they are justified by a state interest specific to a particular trial." *Deck*, 544 US at 629 (emphasis added). That is not the case here as the court sought to shield the defendant's leg restraints from the jury's view. Further, the record on remand makes clear that no juror actually saw the defendant in shackles.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

September 27, 2013



Clerk

h0924